# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST JORD GUARDADO,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:14-cv-00143-RCJ-WGC

**ORDER**

Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#3) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

-

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1    The court takes judicial notice of the docket of the Nevada Supreme Court in Guardado v.
2 State, No. 44334,[1] Guardado v. State, No. 52639,[2] and Guardado v. State, No. 63785.[3] The court
3 also takes judicial notice of its own docket in Guardado v. McDaniel, No. 3:10-cv-00079-RCJ-VPC.
4    In state district court, pursuant to a plea agreement petitioner was convicted of two counts of
5 burglary, one count of first-degree arson, and three counts of possession of stolen property. The
6 state district court entered its judgment of conviction on November 5, 2004. Petitioner appealed.
7 The Nevada Supreme Court affirmed on June 2, 2005. The judgment of conviction became final
8 after August 31, 2005.
9    On July 29, 2005, petitioner filed his first post-conviction habeas corpus petition in state
10 district court. He did this before his judgment of conviction became final, and thus the one-year
11 period of § 2244(d)(1) was tolled immediately upon the judgment becoming final, with no time
12 having run. The state district court denied the petition. Petitioner appealed. The Nevada Supreme
13 Court affirmed on February 3, 2010. Remittitur issued on March 2, 2010, and the one-year period
14 began running the next day.
15    On February 5, 2010, mailed his first federal habeas corpus petition to this court. This
16 petition did not toll the one-year period. Walker, 533 U.S. at 181-82. The court determined that
17 petitioner had not exhausted his available state-court remedies for all of his grounds, and the court
18 advised petitioner to familiarize himself with the one-year period of § 2244(d)(1). Petitioner asked
19 the court to stay the action or, in the alternative, to dismiss the action without prejudice. The court
20 denied petitioner's request for a stay. The court then denied petitioner's motion for reconsideration
21 and dismissed the action without prejudice. Petitioner did not appeal.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=12185 (report generated August 21, 2014).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=20409 (report generated August 21, 2014).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31970 (report generated August 21, 2014).

On March 22, 2013, petitioner filed his second post-conviction habeas corpus petition in state district court. The state district court denied the petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726(1). Petitioner appealed. On March 12, 2014, the Nevada Supreme Court affirmed. It held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1) and successive pursuant to Nev. Rev. Stat. § 34.810(2). Remittitur issued on April 8, 2014. This state habeas corpus petition was ineligible for tolling under 28 U.S.C. § 2244(d)(2) because it was untimely. Pace, 544 U.S. at 417.

Petitioner mailed his second federal habeas corpus petition to this court on March 17, 2014.

On its face, the petition in this action is untimely. Because petitioner filed his first state habeas corpus petition before his judgment became final, the one-year period effectively began to run after March 2, 2010. The period expired at the end of March 2, 2011. Neither his first federal habeas corpus petition nor his second state habeas corpus petition were eligible for tolling under § 2244(d)(2). The current petition is filed more than three years after expiration of the period of limitation. Petitioner will need to show cause why the court should not dismiss this action.

Petitioner has submitted a motion for appointment of counsel (#4). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#3) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#4) is **DENIED**.

Dated:   September 8, 2014.

_____
ROBERT C. JONES
United States District Judge