# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST JORD GUARDADO,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:14-cv-00143-RCJ-WGC

**ORDER**

    The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (#5). Petitioner has submitted a response (#8). The court is not persuaded, and the court dismisses this action.

    Petitioner's arguments are based upon his first federal habeas corpus petition that challenged the judgment of conviction at issue, in Guardado v. State, Case No. 3:10-cv-00079-RCJ-VPC ("Guardado I"). Up to that point, no time had run on the one-year period of limitation of 28 U.S.C. § 2244(d)(1), because petitioner's first state habeas corpus petition tolled the period under § 2244(d)(2) before his judgment of conviction became final. Petitioner mailed his petition in Guardado I to this court on February 5, 2010. Guardado I was ineligible to toll the period of limitation under § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The one-year period effectively began to run after March 2, 2010, when the Nevada Supreme Court issued the remittitur in petitioner's first state habeas corpus proceedings. The one-year period expired on March 2, 2011, because Guardado I did not toll the period of limitation and because petitioner had no other properly filed post-conviction petitions pending in state court. In Guardado I, respondents

moved to dismiss because petitioner had not exhausted all his available state-court remedies. Petitioner filed an opposition, and he argued in the alternative that if the court found some grounds to be unexhausted, then the court should stay the action pursuant to Rhines v. Weber, 544 U.S. 269, 279 (2005), while petitioner returned to state court to exhaust his grounds. Petitioner did not support his request for a Rhines stay with a showing of good cause. On July 26, 2011, the court granted in part the motion to dismiss. In that order, the court noted petitioner's request for a Rhines stay, and the court directed petitioner to show the good cause required for the stay. The one-year period of limitation already had expired at the time of the court's order. Petitioner then filed a motion asking for a Rhines stay, and in the alternative asking the court to dismiss the action without prejudice. The court denied a stay of the action. Petitioner filed a motion for reconsideration. Again, the court denied a stay, and the court dismissed the action.

Petitioner presents two arguments for equitable tolling. First, in his motion for reconsideration in Guardado I, he asked the court how much time in the one-year period remained, but the court did not answer that question. Second, petitioner argues that if he knew that the one-year period was not tolled while Guardado I was pending, then he would not have asked for a dismissal of the action as an alternative to a stay, and instead he would have proceeded on the exhausted grounds.

The court is not persuaded. When the court granted in part respondents' motion to dismiss in Guardado I, the court stated, "Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition." Guardado I, Order, at 10 (#26). It was up to petitioner to calculate the time that was remaining. The court is not petitioner's lawyer, and the court will not give advice based upon its limited knowledge that later could turn out to have been inaccurate. Furthermore, petitioner's argument that he was unaware that Guardado I did not toll the one-year period is belied by the very act of asking for a Rhines stay. In Rhines, the Court noted that before enactment of § 2244(d), "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." Rhines, 544 U.S. at

274.  Then, with the enactment of the one-year period and the holding in <u>Duncan</u> that federal petitions are not eligible for tolling under § 2244(d)(2), a petitioner who elected to exhaust grounds in state court might find that the petition filed after returning to federal court would be untimely.  <u>Id.</u> at 274-75.  The Supreme Court held in <u>Rhines</u> that a district court has discretion to stay a mixed petitions with a showing of good cause <u>because</u> of the effects of the earlier ruling in <u>Duncan v. Walker</u> upon petitions containing unexhausted grounds.  <u>Rhines</u>, 544 U.S. at 275-78.  Because petitioner was asking for a stay under <u>Rhines</u>, he necessarily knew at the time he made the request that <u>Guardado I</u> was not eligible for tolling under § 2244(d)(2).

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: This 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge